OPINION OF THE COURT
C. Raymond Radigan, J.
Petitioners have presented for judicial approval a final account of their stewardship as executrices of the estate of Arthur Seidman. The accounting parties are decedent’s widow and daughter.
Decedent, by his will, establishes a marital and residuary trust relative to which the accounting parties are beneficially interested. Nieces and nephews are contingent trust remaindermen. Decedent has named his coexecutrices trustees of these trusts to serve with a third party. As this third trustee did not act as a coexecutor, petitioner seeks to dispense with notice of their account to the contingent remaindermen. SCPA 2210 (subd 10) permits an accounting party to account to a successor fiduciary without notice to beneficiaries where the successor fiduciary was not a cofiduciary in the same capacity in which the accounting party was acting. In such instances, the interests of the beneficiaries are protected by the successor fiduciary.
Examination of the petition reveals, however, that petitioners seek to discharge not only themselves as coexecutrices but also all trustees for the invasion of principal of *1054 the marital trust. Under circumstances where affirmative relief is sought by trustees in an executor’s accounting, it cannot be said that the interest of the beneficiaries will be protected by notice only to a trustee who seeks to be discharged as to an aspect of the trust’s administration. Accordingly, the court finds that these proceedings are not within the permissive provisions of SCPA 2210 (subd 10) and notice to the contingent trust beneficiaries is necessary.